UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. _____

LOCAL 689, AMALGAMATED TRANSIT }
    UNION,                                                          }
2701 Whitney Place                                          }
Forestville, MD 20747                                     }
                      Plaintiff,        }
                                      }
                                      }
              v.                                        }       COMPLAINT
                                      }       AND MOTION TO CONFIRM
                                      }       ARBITRATION AWARD
WASHINGTON METROPOLITAN AREA }
    TRANSIT AUTHORITY,                            }
600 Fifth Street, N.W.                                  }
Washington, D.C. 20001                              }
                      Defendant.        }
_____}

NATURE OF ACTION

1.     This is a civil action against the Washington Metropolitan Area Transit Authority

("WMATA") to confirm and enforce an arbitration award, issued on November 14, 2013,

under the binding arbitration provision of a collective bargaining agreement between the

Plaintiff Union and Defendant WMATA.

JURISDICTION, VENUE AND GOVERNING STATUTES

2.     Original jurisdiction of civil disputes in which WMATA is a party lies in the United

States District Courts, WMATA Compact, DC Code Section 9-1107.01 (81) (Adopted by

Congress as P.L. 89-774).  The arbitration was conducted by the parties in the District of

2

Columbia, where WMATA's principal office is located, and many employees of WMATA represented by Plaintiff Local 689, ATU work in the District of Columbia, thus supporting venue in this Court. Finally, this action is delimited by the provisions of the United States Arbitration Act, 9 U.S.C. Section 9, and the District of Columbia Model Arbitration Act, D.C. Code Section 16-4423.

THE PARTIES

3. Defendant Washington Metropolitan Area Transit Authority ("WMATA") is political subdivision of the District of Columbia, Commonwealth of Virginia and the State of Maryland, created by legislative compact among those jurisdictions and by the United States of America to provide mass transportation services to citizens who travel within and among all three jurisdictions. WMATA owns and operates Metrobus, Metrorail and MetroAccess transportation systems (MetroAccess service operated through contracts with various private companies) and has the capacity to sue and be sued. WMATA labor relations are authorized and depicted in Section 66 of the Compact, DC Code Section 9-1107.01(66). WMATA's principal office is located at 600 5th Street, NW, Washington, DC, 20001.

4. Plaintiff Local 689, Amalgamated Transit Union, ("Local 689" or "the Union") represents for purposes of collective bargaining drivers, mechanics, clerical and maintenance personnel who are employed by WMATA in a wide variety of classifications throughout its operations. Local 689 has represented continuously for over 90 years public transit workers in the District of Columbia and surrounding areas who worked for WMATA and

3

its predecessors. The principal office of Local 689 is located at 2701 Whitney Place, Forestville, MD, 22747.

THE PARTIES' RELATIONSHIP

5.  Plaintiff and Defendant are parties to a collective bargaining agreement which, as the WMATA compact requires, provides that all "labor disputes" which arise between them must be resolved through arbitration and further that the determination of a Board of Arbitration shall be "final and binding." (Contractual Excerpts Attached, Complaint Exhibit A)

THE CURRENT DISPUTE

6.  On the date of November 14, 2013, a Board of Arbitration comprised of Neutral Chairman Joseph Sharnoff, WMATA-appointed arbitrator Dan Pribich and Union-appointed arbitrator Douglas Taylor resolved by award the grievance of Bus Operator Charmaine Simms. (Award Attached, the "Sharnoff Award," Complaint Exhibit B)

7.  Ms. Simms had been discharged by WMATA on May 4, 2012. She lost accrued seniority, health care, accrued vacation and paid sick leave and credited service for pension purposes. The Decision of the arbitration award was: "For all of the above reasons, the Board of Arbitration concludes that the Authrity has failed to meet its burden of demonstrating that the grievant engaged in all of the violations set forth in the letter of termination, dated May 4, 2012. Accordingly, the Authority is directed by the Board of Arbitration to rescind the discharge of the Grievant and to reinstate her to her former

4

position. Once reinstated, the Grievant is to be subject to appropriate retraining by the Authority consistent with the findings of misconduct herein. The Authority is to remove from the Greivant's files all references to the termination action. The Authority, however, is authorized by the Board to issue to the Grievant appropriate discipline consistent with the findings herein in the form of a 30-day disciplinary suspension. The Grievant's contractual earnings related to the period of disciplinary suspension shall be used as a set-off against the back-pay portion of the make-whole remedy. The Grievant is to have restored all contractual benefits, including seniority." (Complaint Exhibit B, p. 46-47)

8. The grievant Charmaine Simms has not been reinstated, granted full seniority, back-pay or benefits in accordance with the award.

9. There has been no Motion to Correct or to Vacate the award under any of the applicable Statutes, 9 U.S.C. Sections 10 and 11, or D. C. Code Sections 16-4420, 4423 or 4424, and any such Motion would now be untimely.

CAUSES OF ACTION

COUNT I --- CONFIRMATION OF ARBITRATION AWARD

10. All allegations set forth above are repeated and included in this Count.

11. Confirmation of an arbitration award is mandatory under certain circumstances:

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to § 16-4420 or 16-4424 or is vacated pursuant to § 16-4423.

5

D.C. Code Section 16-4422 (see also 9 U.S.C. Section 9)

12. Since the award has not been modified, corrected or vacated, and the time has elapsed for any such motion to be filed, (that period is 90 days from the date the parties received notice of the award, D.C. Code Section 1623( c)) the Sharnoff Award must be confirmed.

COUNT II — VIOLATION OF THE WMATA COMPACT

13. All allegations set forth above are repeated and included in this Count.

14. Defendant WMATA and its officials are governed by and obliged to implement the provisions of the Compact, including Section 66 ( c), which requires, *inter alia*, that "The determination of the majority of the board of arbitration, thus established shall be final and binding on all matters in dispute." D.C. Code Section 9-1107.01(66c)

15. Necessarily, if the decision of a "majority of the board of arbitration" is to be "final and binding" its directives must be obeyed, as ministerial acts by WMATA officials.

16. By failing or refusing to act as directed by the Board of Arbitration, WMATA violates the express terms of the WMATA Compact.

REMEDIES

17. This Court should order, without delay:

    A. The Sharnoff Award, dated December 5, 2013, between Local 689, Amalgamated Transit Union and the Washington Metropolitan Area Transit Authority is <u>Confirmed</u>.

    B. WMATA, including each and all of its officials, directors and

6

employees shall <u>Implement</u> the decision of the Sharnoff Award by the following acts, all undertaken as ministerial duties (this order in the nature of mandamus):

    i.    Reinstate Charmaine Simms to employment.

    ii.    Restore Charmaine Simms to her place on seniority rosters.

    iii.    Restore Charmaine Simms's benefits, including but not limited to health care, accrued sick leave, vacation leave and credited pension service.

    iv.    Pay to Charmaine Simms the wages which she would have earned during the period elapsed between June 4, 2012 (30 days after he discharge on May 4, 2012) and the date of her reinstatement to active duty.

C.    WMATA, through its counsel, shall report to the Court, no later than 30 days following the date of the order, that the above orders have been completed, indicating to the court the location and assignment of Charmaine Simms as a WMATA employee, her seniority, the terms of her health care enrollment, the amount of her accrued vacation entitlement, the number of paid sick leave days available to her if she becomes too ill to work, the status of her accrued pension benefit and the amount paid to her as "back pay," including a detailed explanation of how the amount was calculated.

D.    WMATA shall reimburse Plaintiff Union for all the costs of bringing this action, including reasonable attorneys' fees, and any other relief or actions which may be required in the opinion of the Court.

7

Plaintiff LOCAL 689, AMALGAMATED
TRANSIT UNION, by its Attorneys,


____/s/ Douglas Taylor_____

Douglas Taylor 959502
Paul M. Tyler
Brian Connolly

Gromfine, Taylor & Tyler
1420 King Street, Suite 500
Alexandria, VA   22314

(703) 683-7780
dtaylor@lbgt.com